Allen, J.
delivered the opinion of the court.
The bill in this case is filed to set aside two deeds executed by Shadrach Greer to his son Isaac Greer. They are assailed upon two grounds: First, that by reason of extreme old age and disease, his memory and judgment were so much impaired as to disqualify him from making a valid disposition of his property by deed or will; and second, that the appellant procured the deeds from him by the exercise of undue influence over a mind weakened by the infirmities of age and sickness. Upon the hearing of the cause, issues were directed to ascertain whether at the time of executing the deeds the grantor was of sound mind and capable of executing such deeds. 2d. Whether the deeds were procured to be executed by fraud. After-an ineffectual effort to try the issues, the court perceiving from the time consumed that it would be impracticable to dispose of them within any reasonable period, and believing that there was no real conflict of testimony making the intervention of a jury essential, and the parties moreover agreeing that the court should decide the whole case without the intervention of a jury, set aside the issues. The case being thereafter fully matured, the court proceeded to hear it, *332 and to pronounce the decree from which the appeal was taken.
It was determined in the case of Samuel v. Marshal, 3 Leigh 567, that if the evidence on a question of fact, though various and conflicting, be such as ought to satisfy the chancellor’s conscience as to the truth of the ease, he need not direct an issue to try the fact. In this case there was no such conflict of testimony as to the facts put in issue by the pleadings, as to render the aid of a jury indispensable; and under the authority referred to, the court, even without the consent of parties, would have been justified in setting the issues aside.
The deeds in this case contain an entire disposition of the estate of the grantor, and stand in the place of, and seem to have been regarded by the grantor in the nature of a testamentary disposition of his property. The principle which has been applied to last wills in respect to the state of mind and degree of capacity, sufficient to make a valid devise or disposition of property, is equally applicable to the case of this grantor. Mere weakness of understanding is no objection to a man’s disposing of his estate. “ A man of mean understanding, yea, though he incline to the foolish, is not prohibited to make a testament.” Swinburne 127, 8. “ Courts cannot measure the size of people’s capacities, nor examine into the wisdom and prudence of men in disposing of their property.” Jarman on Wills 52. In Shelford on Lunacy, p. 37, it is said: “ A person being of weak understanding, so he be not either an idiot or a lunatic, is no objection in law to his disposing of his estate. Courts will not measure the extent of people’s understanding and capacities. If a man he legally compos mentis, be he wise or unwise, he is the disposer of his own property, and his will stands as a reason for his actions.” It not being *333 pretended that the grantor here was non compos mentis, laboring under a total or temporary deprivation of reason, there can be no question of his legal capacity • to make a valid disposition of his estate, if, in the language of Washington, J., in Stevens v. Vanclieve, 4 Wash. C. C. R. 262, “ he was capable of recollecting the property he was about to dispose of, the manner of distributing it, and the objects of his bounty,” and if the particular act was attended with the consent of his will and understanding. For although the person may labor under no legal incapacity to do a valid act or make a contract, yet if the whole transaction, taken together with all the facts, mental weakness being one of them, showed that consent, the very essence of the act, was wanting, it would be void. Stewart v. Lispenard, 26 Wend. R. 255. Of this description was the case of Samuel v. Marshall and wife.
As to undue influence; the influence resulting from affection and attachment, or the mere desire of gratifying the wishes of another, if the free agency of the party is not impaired, does not affect the validity of the act. Where a legal capacity is shown to exist, that the party had sufficient understanding to clearly comprehend the nature of the business, that he consented freely to the special matter about which he was engaged, and no fraud or undue influence is shown to have been used to bring about the result, the validity of the disposition cannot be impeached, however unreasonable or imprudent or unaccountable it may seem to others. It is not the propriety or impropriety of the disposition, but the capacity to make it, and the fact that it was freely made with the full assent of the grantor, that must control the judgment of the court. It would be a useless consumption of time to enter upon a careful analysis of the great mass of testimony contained in this voluminous record. Almost every case of this kind must depend on the peculiar circum *334 stances attending it. The facts in one . case can but rarely serve to illustrate or elucidate another. By the consent of parties, the judge below was substituted in the place of the jury; he had heard much of the evidence in the fruitless attempt to try the issues, and was well qualified from his long acquaintance with the inhabitants of the county to weigh properly the weight of the testimony. A decree pronounced under such circumstances upon the facts of the case, is entitled to the highest respect. But the force of that decree in regard to the questions really involved in the issue, is somewhat impaired from the fact, that the judge in the opinion filed, expresses the belief that the deeds were executed upon a secret trust to secure the property from the grasp of certain creditors of Jesse, one of the sons of the grantor, and with the expectation that the appellant would distribute the property according to the provisions of his wills, the last of which had been executed a short time before these deeds. The judge details at length the facts, from which he inferred the motive of the grantor in making the deeds. Such a motive, if the facts justified the inference, would s em to evince a degree of intelligence, utterly inconsistt >\t with the position upon which the decree rests,'the incompetency of the grantor. On a careful review of the whole testimony, we are of opinion that it fails in establishing such a degree of imbecility as to show that the grantor was incompetent to make a perfectly valid disposition of his estate by deed or will. The evidence, so far as facts bearing on the question of competency are deposed to, proves that the grantor was a man of much vigor of mind, notwithstanding his advanced age. That although there were occasions on which it appeared his memory was slightly impaired, yet the solid powers of his understanding remained unaffected. The proof shows that he superintended and directed the preparation of the deeds; *335 that his mind and memory were sufficiently sound to enable him to understand and fully comprehend the business he was engaged in; and there is no evidence whatever to prove that any undue influence was exercised to induce him to execute the conveyances.
The court is therefore of opinion that the decree of the Circuit court is erroneous. Reversed with costs. And this court proceeding, &c., bill dismissed with costs.